UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| PAUL EUSNER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 5:21-cv-00074-GFVT-MAS |
| v. | ) |
| | ) |
| WILLIAM ELLIS SULLIVAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Defendants William and Erin Sullivan ("Sullivans") have moved to join Bonnie Eusner ("Bonnie") as a necessary and indispensable party to this dispute. [DE 45]. Plaintiff Paul Eusner ("Paul"), Bonnie's husband, argues that the motion is untimely. [DE 50]. Having considered the arguments of the parties, the Court grants the Sullivans' motion as discussed further below.

**I.    RELEVANT BACKGROUND**

The facts of this case are rather straightforward and, as described generally here, are not in dispute. As the Court previously stated, "[g]enerally speaking, this litigation concerns claims by Plaintiff Paul Eusner . . . alleging, *inter alia*, that Defendants Ellis and Erin Sullivan . . . owe Eusner $250,000 from a loan he provided to the Sullivans some years ago. The Sullivans . . . claim the loan was a gift." [DE 39]. More specifically, Bonnie wrote a check to the Sullivans on June 4, 2013, from a joint checking account owned and controlled by both Bonnie and Paul. [DE 1-1, Page ID# 13]. Bonnie and Paul believed the payment to their daughter and son-in-law was a loan with no date for repayment. The Sullivans believed the payment was a gift from parents to their daughter and son-in-law.

Eight years after the check was written, Paul brought this action against the Sullivans. [DE 1]. The Sullivans then filed counterclaims against Paul. [DE 54]. Bonnie did not join her husband in filing the lawsuit nor did the Sullivans join her in filing their counterclaim. The Court entered a Scheduling Order that required the parties to add any additional parties by June 6, 2022. [DE 15]. Nearly five months after the court-imposed deadline to join additional parties, the Sullivans seek to add Bonnie to the litigation.

## II.    ANALYSIS

Under FED. R. CIV. P. 19, a court must add a person if: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

However, before the Court can even turn to Rule 19, the Court must first examine FED. R. CIV. P. 16. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Bowling Green Recycling, LLC*, No. 1:15-cv-24, 2017 WL 1380469, at *2 (W.D. Ky. Apr. 13, 2017) (citing Sixth Circuit decisions in support). *See also Northeast Drilling, Inc. v. Inner Space Services, Inc.*, 243 F.3d 25, 36-37 (1st Cir. 2001) (affirming district court decision to deny joinder under Rule 19 for failure to provide good cause under Rule 16).

> While courts within the Sixth Circuit have yet to extend [Rule 16's good cause requirement] to a Rule 19 or Rule 20 motion to join additional parties filed after the scheduling order's deadline, courts within other circuits have done so. Moreover, if the Court considered only Rule 19(a) or Rule 20(a) without regard to Rule 16(b), the Court would render the scheduling order meaningless and effectively would read Rule 16(b)(4) and its "good cause" requirement out of the Federal Rules of Civil Procedure. Therefore, the Court must first address whether Defendants have demonstrated good cause under Rule 16(b)(4) to modify the scheduling order

before the Court will consider whether joinder of additional parties is proper under Rule 19(a) or Rule 20(a).

*Nat'l Union Fire Ins.*, 2017 WL 1380469, at *2 (internal citations omitted). Although the Sullivans do not seek such relief, their motion requires the Court to modify its own Scheduling Order to permit the untimely addition of Bonnie to the litigation. Consequently, before addressing the rigors of Rule 19, the Court first turns to Rule 16.

Rule 16(b)(4) states that a court's scheduling order "schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001)).

Here, there is just no excuse for the Sullivans' tardy request.

First, the check at issue was clearly signed by Bonnie and lists both Bonnie and Paul's names. [DE 1-1, Page ID# 13]. The check was attached to the first pleading in this case. [*Id.*]. Although the fact that both Bonnie and Paul are listed on the check is not dispositive of whether there is a joint checking account, the fact that Bonnie signed the check should have provided obvious notice that she may need to be included in the litigation.

Second, a careful review of Bonnie's deposition reveals that it came as no surprise to the Sullivans' counsel that the check was from the joint account of both Paul and Bonnie. [DE 45-4, Page ID# 411-12]. The framing of the questions plainly demonstrates the Sullivans knew before Bonnie's deposition that the check came from a joint checking account, and thus, by the Sullivan's argument, she should have already been added as a necessary party.

Third, even assuming this was breaking news to the Sullivans during Bonnie's July 6, 2022, deposition, one would have expected the Sullivans to seek to add Bonnie immediately following

3

that deposition. Although the Sullivans never address Rule 16 in their motion or technically seek leave of the Court to amend the Scheduling Order, they argue as much in their reply. Because "Bonnie's deposition was not conducted prior to the June 6, 2022 Scheduling Order deadline for motions to join additional parties, good cause exists for the delay in filing the present motion." [DE 57, Page ID# 587]. Yet, the record demonstrates that after Bonnie's deposition, the Sullivans sat on this knowledge until they filed the current motion nearly **four months later,** more than two months after the close of discovery, and only a couple weeks before dispositive motions were filed. [DE 15]. Good cause means diligence. The Sullivans showed none here.

Fourth, the Sullivans have had every opportunity to raise this issue with the Court. The Court has held three separate discovery hearings following Bonnie's deposition that concerned, in part, banking records for Bonnie and Paul's joint checking account. [DEs 27, 34, 39]. At no time did counsel raise the issue of Bonnie's likely joinder or how that may impact the planned litigation moving forward. In assessing the Sullivans' diligence, the Court cannot ignore these facts.

If the Sullivans had pursued the addition of Bonnie as a party timely and immediately following her deposition, the Court might reach a different result. However, at this stage of the litigation and with discovery closed, summary judgment motions pending, and a trial fast approaching, the Court finds it prejudicial to Paul to add a party at this stage of the litigation. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Inge*, 281 F.3d at 625.

### III.   CONCLUSION

For the reasons stated above, the Sullivans motion to join Bonnie as a necessary and indispensable party [DE 45] is **HEREBY DENIED**.

The undersigned enters this Memorandum Opinion and Order pursuant to 28 U.S.C. § 636(b)(1)(A). Within fourteen (14) days after being served with a copy of this Memorandum

Opinion and Order, either party may appeal this decision to Judge Van Tatenhove pursuant to § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this the 20th day of December, 2022.

*Matthew A. Stinnett*
MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY