UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| PAUL EUSNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-cr-00074-GFVT-MAS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WILLIAM ELLIS SULLIVAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Plaintiff Paul Eusner's Motion in Limine. [R. 67.]
This case is set for trial on April 24, 2023. [R. 15.] Mr. Eusner filed a motion in limine for a
preliminary ruling on expected evidentiary issues. [R. 67.] At the final pretrial conference, this
Court ruled on the seven objections in the motion: denying as moot two, overruling one, and
denying without prejudice the final four. To further explain the reasons stated on the record, the
Court files this memorandum opinion.

Mr. Eusner's motion in limine includes two objections that are now moot. Mr. Eusner
objected to evidence of a gift or agreement and evidence of time, labor, or expenditures that the
Defendants made to the 1318 property. [R. 67 at 4-8.] But after Mr. Eusner filed the motion in
limine, the Court ruled on the parties' motions for summary judgment. [R. 102.] The Order held
that evidence of a gift relating to a breach of contract claim is barred by the statute of frauds and
dismissed Mr. Sullivan's counterclaims against Mr. Eusner. *Id.* At the final pretrial conference,
Mr. Eusner conceded that the Order rendered his first two objections non-issues. Accordingly,
the Court dismissed these objections as moot.

Mr. Eusner also objected to "all documents produced by Ellis after the close of fact discovery." [R. 67 at 8.] Here, Mr. Eusner sought to exclude documents that the Defendants produced on August 22, October 12, and November 7, 2022 because the close of fact discovery was August 15, 2022. *Id.* at 9; [R. 15.] But, as the Defendants point out, the Defendants produced these documents to supplement earlier responses. [R. 79 at 16-18.] The Court's scheduling order required that the parties supplement responses and disclosures no later than January 6, 2023. [R. 15 at 2.] Therefore, though the Defendants disclosed the August 22, October 12, and November 7 documents after the close of fact discovery, the supplements were timely under the supplement deadline of the Court's scheduling order. Accordingly, to the extent that Mr. Eusner's third objection was based on untimely supplementation, the objection was overruled.

Lastly, Mr. Eusner sought to exclude evidence allegedly showing vindictive conduct by Mr. Eusner against the Sullivans. The evidence comes in four types: (1) evidence of the removal of Erin Sullivan as a co-trustee of the family trust, (2) evidence of any changes to Mr. Eusner's estate plan, (3) evidence of the sale of the family trust's Jackson Hole, Wyoming property, and (4) evidence of Mr. Sullivan's termination from Great Lakes Minerals, LLC, and his related accusation against Mr. Eusner. *Id.* at 13. Ms. Sullivan intends to introduce these four types of evidence to convey that Mr. Eusner holds an improper motive for bringing his claims against the Sullivans. [*See, e.g.*, R. 79 at 20 ("Eusner set out to destroy the Sullivans. This was his plan and motive. All of those actions were part of a common scheme to destroy them.").]

Mr. Eusner argues that these types of evidence should be excluded because they are irrelevant to his claims against Ms. Sullivan at trial and because they are unfairly prejudicial and time-consuming. [*See* R. 67 at 11.] Yet Ms. Sullivan represented that she would not use the

evidence to directly negate Mr. Eusner's claims.  At the final pretrial conference, Ms. Sullivan

agreed that she intends to introduce evidence or elicit testimony on these topics only on cross-

examination, not as part of her case in chief.  Indeed, a party may in some circumstances

introduce specific instances of conduct to attack a witness's character for truthfulness or to show

bias.  *See* Fed. R. Evid. 608(b); *United States v. Abel*, 469 U.S. 45, 52 (1984) (defining bias as

"the relationship between a party and a witness which might lead the witness to slant,

unconsciously or otherwise, his testimony in favor of or against a party").  Therefore, without

having the benefit of the witness's testimony that Ms. Sullivan wishes to rebut or the specific

information she seeks to elicit or introduce, the Court ruled that these four types of evidence

would be more appropriately handled within the context of trial.

Accordingly, and the Court being sufficiently advised, the Court ruled that Mr. Eusner's

objections to evidence relating to a gift and evidence of time, labor, or expenditures that the

Defendants made to the 1318 property was moot.  Moreover, the Court overruled Mr. Eusner's

objection to "all documents produced by Ellis after the close of fact discovery."  [R. 67 at 8.]

Lastly, the Court ruled dismissed without prejudice Mr. Eusner's objections to evidence of the

removal of Erin Sullivan as a co-trustee of the family trust, any changes to Mr. Eusner's estate

plan, the sale of the family trust's Jackson Hole, Wyoming property, and Mr. Sullivan's

termination from Great Lakes Minerals, LLC, and his related accusation against Mr. Eusner.

This the 13th day of April, 2023.

Gregory F. Van Tatenhove
United States District Judge

4